Filed 3/19/26  P. v. Ford CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

THE PEOPLE,

    Plaintiff and Respondent,

v.

ALEXANDER FORD,

    Defendant and Appellant.

A172192

(San Francisco City & County
Super. Ct. No.
CRI-21008589)

Alexander Ford was convicted of one count of making a criminal threat and sentenced to the middle term of two years, with 1,136 days credit for time served. On appeal, he contends his sentence must be vacated and the matter remanded for resentencing because the record does not demonstrate that the trial court was aware of its obligation to apply the lower term presumption under Penal Code[1] section 1170, subdivision (b)(6)(A) because what he describes as his "mental health issues" were a contributing factor in the commission of the offense. The case law distinguishes, however, between psychological trauma, which triggers the presumption, and mental illness, which does not unless there is psychological trauma associated with it. Because Ford has failed to address the distinction and identify evidence in

---

[1] Undesignated statutory references are to the Penal Code.

the record that he experienced psychological trauma based on his mental illness, we find no error.

## BACKGROUND

Ford was charged with making criminal threats (§ 422) and one count of obstructing a peace officer (§ 148, subd. (a)(1)). The information alleged several circumstances in aggravation, including that the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness and that Ford engaged in violent conduct indicating a serious danger to society (Cal. Rules of Court, rules 4.421(a)(1), (b)(1)).[2]

At trial, evidence was presented that while the victim was cleaning the sidewalk outside of the restaurant where he worked, Ford approached him from behind and hit him with "something cold on [his] neck." When the victim turned around, Ford began yelling, calling the victim names, and saying that he would kill him. Ford pointed a gun, which was later determined to be a replica, at the victim's chest and told him that he hated him and wanted to kill him. The interaction ended once police arrived on the scene and arrested Ford. Other witnesses described Ford as speaking in "garbl[ed]" language and yelling incoherently as he walked down the street prior to the incident. The jury found Ford guilty of making criminal threats and found the sentencing circumstances true. The second count was dismissed at trial.

Neither party filed a sentencing memorandum and only an abbreviated probation report was filed because Ford had already served the maximum

---

[2] All undesignated rule references are to the California Rules of Court.

available sentence and the court wanted to sentence him as soon as possible so that he could be released under parole supervision.

At the sentencing hearing, defense counsel noted that, along with the mitigating factor that Ford had no prior record of significant criminal conduct (rule 4.423(b)(1)), he was also "suffering from [a] mental or physical condition that significantly reduced culpability for the crime" (rule 4.423(b)(2)), he had "experienced psychological, physical, or childhood trauma, including but not limited to . . . abuse, neglect, exploitation [a]nd that was a factor in the offense" (rule 4.423(b)(3)), and he was a military veteran. Other than quoting the language of the rule, counsel did not cite or discuss any evidence in support of the factors.

Before imposing sentence, the court identified as a factor in aggravation "that the crime involved acts disclosing a high degree of cruelty, viciousness, or callousness as found true by the jury" and added: "I'm also considering the following factors in mitigation pursuant to Penal Codes—I mean, in Rule of Court 4.423 that the defendant has no prior record or has an insignificant record of criminal conduct. [¶] And, two, that the defendant was suffering from a mental or physical condition that at least may have been a factor in the commission of the crime. [¶] I also note Mr. Ford's service in the military as a veteran is a[n] additional factor under Rule of Court 4.423(b)."

The court imposed the middle term, explaining that it "based the middle term on the aggravating factor that I just referred to that was found by the jury to be true, unanimously, and beyond a reasonable doubt. But I have also stated the mitigating factors in my tentative rulings that I also considered, and I reincorporate them now."

3

**DISCUSSION**

Under section 1170, subdivision (b)(6), "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

The lower term presumption is triggered only if "the record and/or arguments are sufficient to put a trial court on notice that a defendant's [qualifying condition] may have been a contributing factor in [the] commission of the underlying offense." (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 994; see *People v. Salazar* (2023) 15 Cal.5th 416, 426, fn. 5 [noting that the Attorney General conceded that "there is at least an affirmative indication in the record that Salazar may have suffered a qualifying trauma and that such qualifying trauma may have been a contributing factor to the offense"].) "The remedy for a sentence imposed without consideration of this provision is remand for resentencing." (*People v. Achane* (2023) 92 Cal.App.5th 1037, 1044.) On appeal, Ford suggests "it appears that the court was unaware of the law and its presumption that the low term should be ordered where a defendant's psychological problems were a factor in the offense."

Here, the record clearly establishes that Ford was suffering from symptoms of a diagnosed mental illness at the time of the offense. The trial court agreed and expressly took into consideration that Ford's "mental or physical condition . . . may have been a factor in the commission of the

4

crime."[3] Ford's mental illness alone, however, is not enough to trigger application of the lower term presumption under section 1170, subdivision (b)(6)(A). (*People v. Tilley* (2023) 92 Cal.App.5th 772, 777; *People v. Banner* (2022) 77 Cal.App.5th 226, 241.) In *Banner*, the court concluded that "psychological trauma based on mental illness may be a circumstance qualifying for the lower term presumption in section 1170, subdivision (b)(6)," but clarified that "mental illness alone" does not "qualif[y] for the lower term presumption. Psychological trauma must attend the illness, and *that* trauma must contribute to the crime under section 1170, subdivision (b)(6)." (*Banner*, at p. 241.)

Ford's briefing fails to address this distinction and, without argument on the point, simply treats mental illness as equivalent to psychological trauma. "[T]he entire offense," he writes, "appears to be a psychotic episode" and "the record is replete with evidence of the interrelation of Ford's mental health issues with the incident." This description fails to identify a condition that would qualify Ford for the lower term presumption.

Under section 1170, subdivision (b)(6)(A) "psychological trauma" is something experienced by the defendant akin to "abuse, neglect, exploitation, or sexual violence." The American Psychological Association Dictionary of Psychology defines trauma as "*any disturbing experience* that results in significant fear, helplessness, dissociation, confusion, or other disruptive

---

[3] Although unclear, it appears that the court may have combined language from the first part of rule 4.423(b)(2) with language from the second part of rule 4.423(b)(3). Rule 4.423(b)(2) reads, "The defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime." Rule 4.423(b)(3) reads, "The defendant experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence and it was a factor in the commission of the crime."

feelings intense enough to have a long-lasting negative effect on a person's attitudes, behavior, and other aspects of functioning." (<https://dictionary.apa.org/trauma> [as of 3/19/2026], italics added; see also <https://www.psychologytoday.com/us/basics/trauma> [as of 3/19/2026] [Psychological trauma is a person's experience of emotional distress resulting from an event—a one-time occurrence or a series of occurrences—that overwhelms the capacity to emotionally digest it].) Noting that "the statute's plain language states trauma is '*not* limited to abuse, neglect, exploitation, or sexual violence,' " the court in *Banner* rejected the People's argument that the statute applies only "to 'experiences' other than mental illness." (*Banner, supra*, 77 Cal.App.5th at p. 241.) Nonetheless, as set forth above, the court confirmed that the statute requires a showing that the defendant suffered psychological trauma as a result of his mental illness before the lower term presumption is triggered. (*Ibid.*)

Notwithstanding Ford's failure to address the issue, we have conducted our own review of the limited record before the trial court and have found nothing to show that he experienced psychological trauma based on his mental illness. The record undoubtedly shows that Ford was experiencing symptoms as a result of his mental illness at the time of the offense that may have been a factor in the commission of the crime. The court properly considered that mitigating factor. Because the lower term presumption was not triggered, however, the court did not err in failing to apply it.

## DISPOSITION

The judgment is affirmed.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
MOORMAN, J. *

---

*Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.